■ FALLSBURGH LUMBER COMPANY, INC., Appellant, v GEORGE DE GRAW et al., Respondents, et al., Defendants. [657 NYS2d 467] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 13, 1996 in Sullivan County, which, *inter alia,* denied plaintiff's motion for a personal judgment against certain defendants.

Defendants George De Graw and Jack De Graw (hereinafter collectively referred to as defendants) are the co-owners of real property located in the Town of Fallsburg, Sullivan County (hereinafter the premises). In late October 1994, plaintiff commenced this action against defendants seeking to foreclose a mechanic's lien and asserting causes of action for goods sold and delivered and an account stated. Defendants neither appeared nor served an answer and, in May 1995, plaintiff obtained a default judgment of foreclosure and sale of the premises which provided that defendants were responsible to plaintiff for any deficiency remaining after the sale.

Thereafter, First National Bank of Jeffersonville commenced an action for foreclosure of its mortgage on the premises to which plaintiff conceded, on October 11, 1995, that its lien was subordinate. This led plaintiff to move on December 22, 1995 for leave to enter a personal judgment against defendants. Jack De Graw, in turn, moved for an order compelling plaintiff to accept his answer which it had rejected on December 4, 1995. Supreme Court denied both motions; the denial of plaintiff's motion was on the basis that more than one year had elapsed since defendants' default (*see,* CPLR 3215 [c]). This appeal by plaintiff ensued.

Initially, plaintiff's claim that defendants waived the applicability of CPLR 3215 (c) by not alleging it as an affirmative defense in their answer is unavailing. First, service of such answer was never effected due to plaintiff's rejection thereof. Furthermore, the statute expressly provides that a court may dismiss a complaint as abandoned "upon its own initiative" (CPLR 3215 [c]). Defendants defaulted in mid-November 1994 by their failure to answer the complaints which had been personally served upon them in late October 1994. Although plaintiff timely applied for a default judgment for foreclosure based upon its mechanic's lien on the premises (*see,* CPLR 3215 [a]), its motion for a personal judgment in the amount of the indebtedness alleged in the complaint was not commenced until late December 1995, more than one year past defendants' default. Therefore, absent sufficient cause, Supreme Court was warranted in dismissing the complaint (*see,* CPLR 3215 [c]).

Plaintiff argues that its motion should have been granted because its claim is meritorious and because its discovery of the subordination of its lien is a reasonable excuse for its delay in seeking a default judgment. We disagree since plaintiff could have pursued its common-law causes of action even though it had obtained a judgment in its lien foreclosure action (*see*, Lien Law § 64; *see also*, 77 NY Jur 2d, Mechanics' Liens, § 339; 16 Carmody-Wait 2d, NY Prac § 97:367, at 446-447). Accordingly, we find that Supreme Court did not abuse its discretion in denying plaintiff's motion.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.